UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JACQUELINE MORRIS,

                                              Plaintiff,

              -against-

PATRICK GORDON,

                                             Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION ON THE DENIAL OF THE RIGHT TO A FAIR TRIAL CLAIM**

**15-CV-05872(JBW)(RER)**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

Defendant Police Officer Patrick Gordon moves for reconsideration of the Court's August 1, 2017 decision on the denial of a right to fair trial claim on the grounds that it is based on a mistake of fact that was stated by plaintiff's counsel at the July 24, 2017 hearing on the Oral Argument. Specifically, plaintiff's counsel represented to the Court that the District Attorney only prosecuted plaintiff on assault charges related to plaintiff's allegedly kicking Officer Gordon, which plaintiff denies doing. However, a review of the criminal court complaint makes it clear that plaintiff was also charged with harassment and menacing Sonia Kornegay, based on Kornegay's statements. (May 15, 2017 Declaration of Angharad Wilson in Support of Defendants' Motion for Summary Judgment, Dkt. 34, Exhibit F, Criminal Court Complaint (hereinafter "Wilson Decl. Exh. F"). Thus, the purported fabrication that plaintiff kicked Officer Gordon did not cause plaintiff's deprivation of liberty because probable cause existed for charges that were entirely separate from the allegedly "fabricated" statement that she kicked the officer.

**ARGUMENT**

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Pursuant to Local Civil Rule 6.3 the Court may reconsider a prior decision to "correct a clear error or prevent manifest injustice." *Medisim Ltd. v. BestMed LLC*, 10-cv-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, at *2–*3 (S.D.N.Y. Apr. 23, 2012); *Rullan v. New York City Dep't of Sanitation*, No. 10-cv-8079 (RPP), 2012 U.S. Dist. LEXIS 2896, at *4 (S.D.N.Y. Jan. 10, 2012) "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Richardson v. City of New York*, No. 15-cv-5775 (PKC), 2017 U.S. Dist. LEXIS 104625, at *2 (S.D.N.Y. July 5, 2017) (quotation marks omitted), quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).

When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); see also *Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015). The courts recognize a constitutional right "not to be deprived of liberty as a result of the fabrication of evidence" by an officer. *Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000). In order to prove the claim, plaintiff must show that defendants fabricated evidence that was material to his conviction of some crime. *Ricciuti*, 124 F.3d at 130 (fabrication must be "likely to influence a jury's decision"). Plaintiff, in other words, "must

- 3 -

establish a causal connection between the fabricated evidence and a deprivation of liberty." *Lopez v. City of New York*, 105 F. Supp. 3d 242, 247 (E.D.N.Y. 2014) (citing *Zahrey*, supra).

The Court in its decision observed, "[p]robable cause to arrest is not dispositive if the officer provided the prosecutor with false information if the officer provided the prosecutor with false information which led to a deprivation of liberty." (August 1, 2017 Decision, *citing Abreu v. City of New York*, 2006 WL 401651 at *6 (E.D.N.Y. Feb. 22, 2006)). The decision concludes, "[t]he charges that led to [plaintiff's] overnight detention and court appearances were premised on her having kicked the officer." (Aug. 1, 2017 Decision at p. 16). However, the Court's conclusion overlooks the fact that the charges were not premised solely on plaintiff's having kicked Officer Gordon. It appears to be based on the following exchange that took place at the oral argument:

> THE COURT: Your theory is that the D.A. went forward with the case only because of the kick.
>
> MR. MARINELLI: It is. If we look at the charges, she was just charged with OGA and Discon. This is why the D.A. went forward with obstruction of government administration, disorderly conduct, and resisting arrest.
>
> (Oral Argument Transcript p. 20:10-15).

However, a review of the criminal court complaint, clearly demonstrates that plaintiff was charged with a number of crimes, two of which were harassment and menacing Sonia Kornegay, and whose text includes, in part,

> Deponent is informed by Sonia Kornegay that, at the above time and place, the defendant did call informant names and did verbally threaten informant stating to informant that informant would die.
>
> Deponent is further informed by informant that the above described actions caused informant to fear imminent physical injury and to become alarmed and annoyed.

(Wilson Decl. Exh. F).

From this passage, it is clear that the District Attorney did not institute and move forward with charges based solely on the purported "fabrication" that Morris kicked Officer Gordon in the knee. Rather, the District Attorney moved forward because, in part, Sonia Kornegay, plaintiff's sister, alleged that she (plaintiff) threatened her in violation of N.Y.P.L. § 120.15 and § 240.26 (1). Because the purported "fabrication" did not proximately cause any denial of liberty over and above that caused by plaintiff's sister's statements to the police and the District Attorney, we respectfully submit that plaintiff's fair trial claim should have been dismissed on summary judgment. *Cf. Lopez,* 105 F. Supp. 3d at 247. (" [N]ot every act of fabrication… is sufficiently connected to plaintiff's [deprivation of liberty] to give rise to liability.")

## CONCLUSION

For the foregoing reasons, defendant Patrick Gordon's motion reconsideration as to the denial of the right to a fair trial claim should be granted and that claim should be dismissed.

Dated: New York, New York
August 4, 2017

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant Gordon*
100 Church Street
New York, New York 10007
(212) 356-2572

By:       /s/
   Angharad K. Wilson, Esq.